UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>VINICOUS RIBEIRO SILVA, EBS FLOORING LLC, BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY, JOHN DOES 1-10 (said names being fictitious and unknown) and ABC CORP. 1-10 (said names being fictitious and unknown),<br><br>    Defendants. | Civil Action No.: 1:22-cv-1761<br><br><br>**CIVIL COMPLAINT** |

**I.      JURISDICTION**

      A.    Basis for Jurisdiction is Diversity of Citizenship

      1.    The plaintiff, Gary Brown, is an individual residing at 230 E. Broad Street, Burlington, NJ 08016.

      2.    Upon information and belief, the defendant, Vinicous Ribeiro Silva, is an individual residing at 7944 Langdon Street, Philadelphia, PA 19111.

      3.    Upon information and belief, the defendant, EBS Flooring, LLC, is formed under the laws of the State of Pennsylvania, and has its principal place of business in the State of Pennsylvania located at 9736 Chapelcroft St., Philadelphia, PA, 19115.

      4.    Upon information and belief, the defendant, EBS Flooring, LLC, conducts business in the State of New Jersey.

      5.    Upon information and belief, the defendant, Berkshire Hathaway GUARD Insurance Companies, is formed under the laws of the State of Pennsylvania, and has its Principal

place of business in the State of Pennsylvania located at 44 R West Market St., Wilkes-Barre, PA 18701 and P.O. Box AH, Wilkes-Barre, PA 18703.

6. The defendant, Berkshire Hathaway GUARD Insurance Companies is registered to and does conduct business in the State of New Jersey.

7. The amount in controversy is more than $75,000.00, not counting interest and costs of court, because plaintiff sustained severe personal injury damages when, as a pedestrian, he was struck by a commercial van. Damages are continuing and ongoing.

8. The subject loss occurred in Delran, New Jersey.

## II. PARTIES

1. Plaintiff is an individual residing at 230 E. Broad Street, Burlington, NJ 08016.

2. Defendant Vinicous Ribeiro Silva is an individual residing at 7944 Langdon Street, Philadelphia, PA 19111 and was an employee, independent contractor and/or engaged for hire by EBS Flooring, LLC.

3. Defendant Vinicous Ribeiro Silva was the individual operating the commercial van when it struck pedestrian-plaintiff Gary Brown.

4. Defendant EBS Flooring, LLC is a Limited Liability Company, and upon information and belief, formed under the laws of the State of Pennsylvania, with headquarters located at 9736 Chapelcroft St., Philadelphia, PA, 19115.

5. Defendant EBS Flooring, LLC is in the home improvement business and conducts business in the State of New Jersey.

6. Defendant Berkshire Hathaway GUARD Insurance Companies is a corporation, and upon information and belief, incorporated under the laws of the State of Pennsylvania with

headquarters located at 44 R West Market St., Wilkes-Barre, PA 18701 and P.O. Box AH, Wilkes-Barre, PA 18703.

7. Upon information and belief, Defendant Berkshire Hathaway GUARD Insurance Companies is a <u>wholly owned subsidiary</u> of <u>National Indemnity Company</u>, which is part of the <u>Berkshire Hathaway Group</u>.

8. Defendant Berkshire Hathaway GUARD Insurance Companies is the General Liability Insurer of EBS Flooring, LLC.

9. Defendant Berkshire Hathaway GUARD Insurance Companies is in the business of writing and issuing insurance policies in both the States of Pennsylvania and New Jersey, amongst other states.

## III.   CAUSE OF ACTION

1. Defendant, Vinicous Ribeiro Silva, was either employed, contracted and/or engaged by EBS Flooring, LLC on Thursday, January 6, 2022.

2. At that time, at approximately 6:43 a.m., Defendant was operating a 2010 Chevrolet Express work van owned and registered to EBS Flooring, LLC in Delran, New Jersey.

3. At that time, Defendant Vinicous Ribeiro Silva struck Plaintiff Gary Brown, a pedestrian, while Plaintiff was crossing Front Street in Delran, New Jersey.

4. As a result of the impact, Plaintiff was struck by Defendant with great force and found 25 feet from the front of the 2010 Chevrolet Express work van.

5. Defendant Vinicous Ribeiro Silva was travelling approximately 40 mph, in an area with a posted 25 mph limit, when he struck Plaintiff.

6. Defendant Vinicous Ribeiro Silva was cited with unsafe driving and operating a vehicle without a driver's license.

3

7. Plaintiff Gary Brown was transported to Cooper Trauma from the scene.

8. Plaintiff Gary Brown was then transported to Penn Presbyterian Medical Center for emergency spinal surgery.

9. At this filing, Plaintiff still remains in a rehabilitation facility.

10. Defendant EBS Flooring, LLC maintains a commercial automobile policy issued by Erie Insurance Company carrying a liability limit of $35,000.00 per occurrence.

11. Defendant EBS Flooring, LLC also maintains general commercial liability insurance with a policy issued by Defendant Berkshire Hathaway GUARD Insurance Companies.

12. A claim was submitted to Defendant Berkshire Hathaway GUARD Insurance Companies.

13. On January 26, 2022, Defendant Berkshire Hathaway GUARD Insurance Companies denied Plaintiff's claim stating there is no applicable coverage under the policy.

14. In its claim denial, Defendant Berkshire Hathaway GUARD Insurance Companies failed to reference the basis of denial or cite to any policy provisions.

15. Defendant Berkshire Hathaway GUARD Insurance Companies Liability Claims Representative II, Chris Watts, verbally represented that the insurer denied coverage due to its intentional act exclusion.

16. At all relevant times, Defendant Berkshire Hathaway GUARD Insurance Companies has refused to provide Plaintiff with a copy of the applicable policy of insurance.

A.  **COUNT I**

Plaintiff complains against Defendant Vinicous Ribeiro Silva and for a first claim for relief alleged:

1. On January 6, 2022, Plaintiff was crossing a public street known as Front Street Delran, Burlington County, New Jersey, at the point 100 feet of Brown Street in Delran, Burlington County, New Jersey.

2. At that time and place, Defendant was driving a vehicle along Front Street near the point where Plaintiff was crossing.

3. Defendant then and there negligently and carelessly drove and managed the vehicle in that he drove the vehicle at an excessive rate of speed, at the rate of 40 miles per hour, and failed to sound the horn when approaching Plaintiff.

4. Defendant also negligently and carelessly drove the vehicle without a driver's license.

5. As a direct and proximate result of the negligent driving and management of the vehicle by Defendant, he ran against Plaintiff, striking Plaintiff, and knocked him down.

6. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered the following injuries: severe spinal injuries, a broken arm, fractured ribs and road rash, and he has incurred and in the future will incur expenses in excess of $1,000,000.00, including but not limited to hospital expenses, X-rays, other diagnostic medical expenses and post-operative rehabilitation.

**WHEREFORE**, Plaintiff demands judgment in the amount of $2,000,000.00 on the First Count of its complaint against the Defendant, Vinicous Ribeiro Silva, as follows:

A. For Compensatory damages.

B. For Medical expenses damages.

  C. For continuing damages.

  D. For interest, costs of suit and attorney's fees as allowed by law.

  E. For such other and further relief as the Court may deem just, proper and equitable.

**B.** **COUNT II**

Plaintiff complains against defendant, EBS Flooring, LLC, and for a second claim for relief alleged:

  1. Defendant, Vinicous Ribeiro Silva, at all times mentioned, was employed by and/or working under contract for Defendant at EBS Flooring, LLC.

  2. Defendant, Vinicous Ribeiro Silva, at all times mentioned did not maintain a driver's license and was known to be so by Defendant, EBS Flooring, LLC, who, regardless of that knowledge, hired and/or retained Defendant Vinicous Ribeiro Silva.

  3. Defendant, EBS Flooring, LLC, knew or should have known Defendant, Vinicous Ribeiro Silva, did not maintain a driver's license.

  4. Plaintiff's injuries and damages were a direct and proximate result of the negligence of Defendant EBS Flooring, LLC in the following particulars, without which the injuries would not have occurred: EBS Flooring, LLC negligently hired Defendant Vinicous Ribeiro Silva by permitting and/or allowing said defendant access to operate the 2010 Chevrolet Commercial work van.

  5. Defendant EBS Flooring, LLC, was negligent in hiring and/or contracting Defendant Vinicous Ribeiro Silva when Defendant EBS Flooring, LLC, knew or should have known that Defendant Vinicous Ribeiro Silva was unqualified and unfit for the purpose in which he was employed and/or contracted.

6. Defendant EBS Flooring, LLC, knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of Defendant Vinicous Ribeiro Silva and could reasonably have foreseen that such qualities created a risk of harm to other persons.

7. In permitting Defendant, Vinicous Ribeiro Silva, to operate a vehicle in public and on public roads, when Defendant, EBS Flooring, LLC, knew, or should have known that the likely result would be injury to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in the amount of $2,000,000.00, exclusive of attorney's fees and restitution, on this the Second Count of this complaint against the Defendant, EBS Flooring, LLC, as follows:

A. For Compensatory damages.

B. For Medical expenses damages.

C. For continuing damages.

D. For interest, costs of suit and attorney's fees as allowed by law.

E. For such other and further relief as the Court may deem just, proper and equitable.

C. **COUNT III**

Plaintiff complains against defendant, EBS Flooring, LLC, and for a third claim for relief alleged:

1. Defendant, Vinicous Ribeiro Silva, at all times mentioned, was employed by and/or working under contract for Defendant at EBS Flooring, LLC.

2. Defendant, Vinicous Ribeiro Silva, at all times mentioned did not maintain a driver's license and known to be so by Defendant, EBS Flooring, LLC, who, regardless of that knowledge negligently failed to supervise Defendant Vinicous Ribeiro Silva's actions and course of employment while acting on behalf of Defendant, EBS Flooring, LLC.

3. Defendant, EBS Flooring, LLC, knew or should have known Defendant, Vinicous Ribeiro Silva, did not maintain a driver's license.

4. Plaintiff's injuries and damages were a direct and proximate result of the negligence of Defendant EBS Flooring, LLC in the following particulars, without which the injuries would not have occurred: EBS Flooring, LLC negligently supervised Defendant Vinicous Ribeiro Silva by permitting and/or allowing said defendant access to operate the 2010 Chevrolet Commercial work van.

5. Defendant EBS Flooring, LLC, was negligent in supervising Defendant Vinicous Ribeiro Silva when Defendant EBS Flooring, LLC, knew or should have known that Defendant Vinicous Ribeiro Silva was unqualified and unfit for the purpose in which he was employed and/or contracted.

6. Defendant EBS Flooring, LLC, knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of Defendant Vinicous Ribeiro Silva and could reasonably have foreseen that such qualities created a risk of harm to other persons.

7. Defendant EBS Flooring, LLC, was negligent in permitting Defendant, Vinicous Ribeiro Silva, to operate a vehicle in public and on public roads, when Defendant, EBS Flooring, LLC, knew, or should have known that the likely result would be injury to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in the amount of $2,000,000.00, exclusive of attorney's fees and restitution, on this the Second Count of this complaint against the Defendant, EBS Flooring, LLC, as follows:

A. For Compensatory damages.

B. For Medical expenses damages.

C. For continuing damages.

  D.  For interest, costs of suit and attorney's fees as allowed by law.

  E.  For such other and further relief as the Court may deem just, proper and equitable.

**D.** **COUNT IV**

Plaintiff complains against defendant, EBS Flooring, LLC, and for a fourth claim for relief alleged:

  1. Defendant, Vinicous Ribeiro Silva, at all times mentioned, was employed by and/or working under contract for Defendant at EBS Flooring, LLC.

  2. Defendant, Vinicous Ribeiro Silva, at all times mentioned did not maintain a driver's license and known to be so by Defendant, EBS Flooring, LLC, who, regardless of that knowledge negligently entrusted a vehicle to Defendant Vinicous Ribeiro Silva for use in connection with Defendant EBS Flooring, LLC's business pursuits.

  3. Defendant, EBS Flooring, LLC, knew or should have known Defendant, Vinicous Ribeiro Silva, did not maintain a driver's license.

  4. Plaintiff's injuries and damages were a direct and proximate result of the negligence of Defendant EBS Flooring, LLC in the following particulars, without which the injuries would not have occurred: EBS Flooring, LLC negligently entrusted a vehicle to Defendant Vinicous Ribeiro Silva by permitting and/or allowing said defendant access to operate the 2010 Chevrolet Commercial work van.

  5. Defendant EBS Flooring, LLC, was negligent in entrusting a vehicle to Defendant Vinicous Ribeiro Silva when Defendant EBS Flooring, LLC, knew or should have known that Defendant Vinicous Ribeiro Silva was unqualified and unfit for the purpose in which he was employed and/or contracted.

      6.      Defendant EBS Flooring, LLC, knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of Defendant Vinicous Ribeiro Silva and could reasonably have foreseen that such qualities created a risk of harm to other persons.

      7.      Defendant EBS Flooring, LLC negligently entrusted Defendant, Vinicous Ribeiro Silva, to operate a vehicle in public and on public roads, when Defendant, EBS Flooring, LLC, knew, or should have known that the likely result would be injury to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in the amount of $2,000,000.00, exclusive of attorney's fees and restitution, on this the Second Count of this complaint against the Defendant, EBS Flooring, LLC, as follows:

    A.    For Compensatory damages.

    B.    For Medical expenses damages.

    C.    For continuing damages.

    D.    For interest, costs of suit and attorney's fees as allowed by law.

    E.    For such other and further relief as the Court may deem just, proper and equitable.

**E.**    **COUNT V**

Plaintiff complains against defendant, EBS Flooring, LLC, and for a Fifth claim for relief alleged:

      1.      Upon information and belief, Defendant, Vinicous Ribeiro Silva, was operating the vehicle as the agent, employee and/or permissive user of the owner of the vehicle, EBS Flooring, LLC, and therefore it is vicariously liable for the negligent operation of the vehicle.

      2.      Defendants, Vinicous Ribeiro Silva and EBS Flooring, LLC were negligent in the ownership, maintenance, entrustment, supervision, control, possession, and operation of the 2010 Chevrolet Express work van which resulted in the same striking pedestrian Plaintiff.

      3.     As a direct and proximate result of the negligence of Defendants as set forth above, Plaintiff was caused to sustain severe and diverse personal injuries for which he has incurred and will continue to incur medical expenses; loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions on his normal daily activities; loss of quality and enjoyment of life's pleasures, and such further damages as will be proven at the time of trial.

**WHEREFORE**, Plaintiff demands judgment in the amount of $2,000,000.00, exclusive of attorney's fees and restitution, on this the Second Count of this complaint against the Defendant, EBS Flooring, LLC, as follows:

    A.     For Compensatory damages.

    B.     For Medical expenses damages.

    C.     For continuing damages.

    D.     For interest, costs of suit and attorney's fees as allowed by law.

    E.     For such other and further relief as the Court may deem just, proper and equitable.

**F.**     **COUNT VI**

Plaintiff complains against defendant, Berkshire Hathaway GUARD Insurance Companies, and for a sixth claim for relief alleged:

      1.     Plaintiff brings this suit for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

      2.     Defendant is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Luzerne County, PA. Defendant is engaged in the business of insurance.

3. At an unknown date and time, Defendant Berkshire Hathaway GUARD Insurance Companies issued and delivered to Defendant, EBS Flooring, LLC, a policy of insurance *(hereinafter "Policy")* which insured the defendant, EBS Flooring, LLC, against loss of or damage to third-parties—specifically, a commercial general liability insurance policy.

4. Said Policy was procured in the State of Pennsylvania.

5. Defendant Berkshire Hathaway GUARD Insurance Companies conducts business and transacts in the State of New Jersey.

6. Defendant Berkshire Hathaway GUARD Insurance Companies has refused to provide Plaintiff with a copy of said insurance policy.

7. On January 6, 2022, plaintiff suffered a loss which it claims falls within the terms of the coverage of the Policy, namely negligent supervision, negligent hiring, negligent entrustment and vicarious liability—as well as additional claims that may be afforded under the Policy.

8. Plaintiff made demand upon defendant, Berkshire Hathaway GUARD Insurance Companies for payment of the injuries sustained as a result of its insured's negligence.

9. In response, without citing to any policy provisions whatsoever, defendant, Berkshire Hathaway GUARD Insurance Companies denied Plaintiff's claim simply stating there is no coverage under the policy.

10. Moreover, a representative of defendant, Berkshire Hathaway GUARD Insurance Companies, made verbal representations that Plaintiff's claim was denied under its intentional exclusion provision; however, it failed to provide a copy of the policy, and also, failed to provide a copy of the exclusion it has relied upon.

11. A controversy exists between the parties concerning their respective rights under the Policy as follows:

a. Plaintiff is a third-party beneficiary with standing to recover on the insurance contract.

b. Although not expressly listed under the Policy, Plaintiff is intended to be a beneficiary under the insurance contract.

c. The Policy is a liability policy intended to extend coverage to innocent third-parties injured by the insured's negligence.

d. The recognition of the Plaintiff's right is appropriate to effectuate the intention of the parties.

e. Performance under the insurance contract satisfies an obligation of the promisee to pay money to Plaintiff and/or the circumstances indicate that the promisee intends to give Plaintiff the benefit of the promised performance.

12. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned Policy.

13. Plaintiff is entitled to recover its reasonable attorneys' fees incurred herein pursuant to the laws of the State of Pennsylvania and New Jersey.

**WHEREFORE**, plaintiff respectfully requests the Court enter judgment as follows:

A. Declaring that Plaintiff is a third-party beneficiary to the insurance policy between Defendant EBS Flooring, LLC and Defendant Berkshire Hathaway GUARD Insurance Companies.

B.      Declaring that the aforementioned insurance policy extends coverage for the loss at issue.

C.      Declaring the rights and other legal obligations of the plaintiff and defendant arising under the aforementioned insurance policy.

D.      Awarding plaintiff the costs and reasonable attorneys' fees incurred.

E.      Awarding such other and further relief as the Court deems just and proper under the circumstances.

**G.     COUNT VII**

Plaintiff complains against defendant, Berkshire Hathaway GUARD Insurance Companies, and for a seventh claim for relief alleged:

1.      Plaintiff, Gary Brown, repeats and realleges each and every allegation of the entire complaint as if same were more fully set forth at length herein.

2.      Defendant, Berkshire Hathaway GUARD Insurance Companies, has failed to accept this claim and has failed to compensate Plaintiff and otherwise provide Plaintiff with all benefits Plaintiff is entitled to receive under the applicable general commercial liability insurance policy.

3.      Defendant, Berkshire Hathaway GUARD Insurance Companies has failed to provide any legitimate basis for its denial.

4.      Defendant, Berkshire Hathaway GUARD Insurance Companies has failed to provide any applicable policy exclusion to Plaintiff, and it has also failed to provide a copy of the Policy.

5.      Defendant, Berkshire Hathaway GUARD Insurance Companies has committed Bad Faith for denying benefits under the policy without a debatable reason.

6. Defendant, Berkshire Hathaway GUARD Insurance Companies has denied the processing of the claim, in reckless disregard of the fact that it has no valid reason for doing so.

7. Compensatory and punitive damages should be awarded under egregious circumstances.

**WHEREFORE**, Plaintiff, Gary Brown, demands judgment against Defendant, Berkshire Hathaway GUARD Insurance Companies:

A. For compensatory damages.

B. For punitive damages.

C. For counsel fees, interest, costs of suit if such other and further relief.

## IV. CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

MESSINEO LAW, LLC

Date: March 28, 2022

TARIQ J. MESSINEO
95 Chestnut Ridge Road, First Floor
Montvale, NJ 07645
T. 201-962-8585
F. 201-962-8583
Attorneys for Plaintiff, Gary Brown