IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY BROWN<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VINICOUS RIBEIRO SILVA AND EBS FLOORING LLC and BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY<br><br>　　　　Defendants. | Civil Action No.:<br>1:22-cv-1761-CPO-AMD<br><br>**CIVIL ACTION**<br><br>**ANSWER, SEPARATE DEFENSES, CROSSCLAIM AND DEMAND FOR JURY TRIAL** |

The answering defendants, Vinicous Ribeiro Silva and EBS Flooring LLC, by way of Answer to the Complaint say:

**I. JURISDICTION**

1.  The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and accordingly, leave plaintiff to his proofs.

2.  The allegations of paragraph 2 are admitted.

3.  The allegations of paragraph 3 are admitted.

4.  The allegations of paragraph 4 are denied.

5.  The answering defendants make no response to the allegations of paragraph 5 insofar as same are not directed to the answering defendants.

6. The answering defendants make no response to the allegations of paragraph 6 insofar as same are not directed to the answering defendants.

7. The allegations of paragraph 7 are denied.

8. The allegations of paragraph 8 are admitted.

## II.  PARTIES

1. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, accordingly, leave plaintiff to his proofs.

2. The allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are denied.

6. The answering defendants make no response to the allegations of paragraph 6 insofar as same are not directed to the answering defendants.

7. The answering defendants make no response to the allegations of paragraph 7 insofar as same are not directed to the answering defendants.

8. The answering defendants make no response to the allegations of paragraph 8 insofar as same are not directed to the answering defendants.

9. The answering defendants make no response to the allegations of paragraph 9 insofar as same are not directed to the answering defendants.

### III.  CAUSE OF ACTION

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 are denied.

7. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, accordingly, leave plaintiff to his proofs.

8. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, accordingly, leave plaintiff to his proofs.

9. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, accordingly, leave plaintiff to his proofs.

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

12. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, accordingly, leave plaintiff to his proofs.

13. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, accordingly, leave plaintiff to his proofs.

14. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, accordingly, leave plaintiff to his proofs.

15. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, accordingly, leave plaintiff to his proofs.

16. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, accordingly, leave plaintiff to his proofs.

**COUNT I**

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 are denied.

## COUNT II

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are denied.

## COUNT III

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are denied.

## COUNT IV

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are denied.

## COUNT V

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are denied.

## COUNT VI

The answering defendants make no response to the allegations of Count VI insofar as same are not directed to the answering defendants.

## COUNT VII

1. The answers to all paragraphs of the Plaintiff's Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same made the answer to paragraph 1 of Count VII.

2-7. The answering defendants make no response to the allegations of paragraphs 2-7 insofar as same are not directed to the answering defendants.

## SEPARATE DEFENSES

1. The answering defendants are not guilty of the negligence alleged.

2. The answering defendants performed each and every duty and obligation owed the plaintiff herein.

3. The answering defendants violated no duty or obligation owed the plaintiff herein.

4. The injuries and damages, if any, sustained by the plaintiff were the result of plaintiff's own negligence and/or contributory negligence and, accordingly, plaintiff is debarred from recovery.

5. At the time and place asserted, the answering defendant was legally operating his/her motor vehicle when, through the negligence of other persons, he/she was confronted with a sudden emergency under the circumstances of which an accident was unavoidable through any action on his/her part.

6. The injuries and damages, if any, sustained by the plaintiff were the result of the negligence of third persons over whom answering defendants exercised no control or right of control.

7. The plaintiff's action is barred by the New Jersey Automobile Insurance Cost Reduction Act, and, accordingly, the answering defendants reserve the right to move to dismiss the Complaint at any time prior to or including at time of trial.

8. The injuries and damages, if any, sustained by the plaintiff were the result of the plaintiff's own negligence and/or contributory negligence and, accordingly, plaintiff is debarred

from recovery or limited to recovery in accordance with the provisions of N.J.S.A. 2A:15-5.1, et seq.

9. The answering defendants assert that the Complaint was not timely filed within the applicable Statute of Limitations and, accordingly, the answering defendants reserve the right to move to dismiss the Plaintiff's Complaint at any time prior to or including at the time of trial.

## CROSSCLAIM FOR DECLARATORY JUDGMENT

**TO: CO-DEFENDANT, BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY**

1. The answering defendants repeat and incorporate the allegations contained in Count VI and Count VII of Plaintiff's Complaint.

WHEREFORE, the answering defendants demand seek an Order declaring that the policy of insurance issued by Berkshire Hathaway Guard Insurance Company extends coverage to the answering defendants for the losses alleged by the plaintiff, Gary Brown in addition to awarding the answering defendants costs and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

ANSWERING DEFENDANTS HEREBY DEMAND A TRIAL BY JURY AS TO ALL ISSUES.

## **CERTIFICATION OF TIMELY SERVICE**

I Certify that the within pleading was served by electronic service within the time period allowed under the Federal Rules of Civil Procedure.

                                        **MARGOLIS EDELSTEIN**
                                        *Attorney for Defendants,*
                                        Vinicous Ribeiro Silva and
                                        EBS Flooring LLC

Date: April 29, 2022          *s/ Robert M. Kaplan*
                                        By:   Robert M. Kaplan
                                        Attorney ID#: 026091980
                                        Christopher J. Marcucci, Esquire
                                        Attorney ID#: 014432004
                                        Our File No.: 28400.1-0616 RMK
                                        100 Century Parkway, Suite 200
                                        P.O. Box 5084
                                        Mount Laurel, NJ 08054
                                        856-727-6008 Tel
                                        rkaplan@margolisedelstein.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GARY BROWN<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VINICOUS RIBEIRO SILVA AND EBS FLOORING LLC and BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY<br><br>　　　　Defendants. | Civil Action No.:<br>1:22-cv-1761-CPO-AMD<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF SERVICE** |

　　I hereby certify that I electronically filed the within Answer to Plaintiff's Complaint, Crossclaim and Demand for Jury Trial and this Certificate of Service with the Clerk of the United States District Court.

　　I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　**MARGOLIS EDELSTEIN**
　　　　　　　　　　　　　　　　*Attorney for Defendants,*
　　　　　　　　　　　　　　　　Vinicous Ribeiro Silva and
　　　　　　　　　　　　　　　　EBS Flooring LLC

Date: April 29, 2022　　　　　*s/ Robert M. Kaplan*
　　　　　　　　　　　　　　　　By:　Robert M. Kaplan
　　　　　　　　　　　　　　　　Attorney ID#: 026091980
　　　　　　　　　　　　　　　　Christopher J. Marcucci, Esquire
　　　　　　　　　　　　　　　　Attorney ID#: 014432004
　　　　　　　　　　　　　　　　Our File No.: 28400.1-0616 RMK
　　　　　　　　　　　　　　　　100 Century Parkway, Suite 200
　　　　　　　　　　　　　　　　P.O. Box 5084
　　　　　　　　　　　　　　　　Mount Laurel, NJ 08054
　　　　　　　　　　　　　　　　856-727-6008 Tel
　　　　　　　　　　　　　　　　rkaplan@margolisedelstein.com